**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-26-356** |
| | * | |
| **SHAKEEM COBURN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

**CONSENT MOTION FOR PROTECTIVE ORDER**
**REGARDING DISCLOSURE OF PERSONAL SENSITIVE INFORMATION**

The United States of America, by and through its attorneys and with the consent of counsel for Defendant Shakeem Coburn, hereby requests a Protective Order and in support thereof states as follows:

1. On October 8, 2026, a federal grand jury returned an indictment charging the Defendant with three counts of bank fraud in violation of 18 U.S.C. § 1344. ECF No. 1.

2. On October 18, 2026, Defendant's initial appearance and arraignment on the complaint was held before Chief U.S. Magistrate Judge Timothy J. Sullivan, who ordered Defendant to be detained pending trial. ECF No. 11.

3. During the course of the investigation of this offense and additional criminal conduct, law enforcement agents have gathered voluminous records that the government wishes to provide to the defense in discovery, including bank and financial records associated with victims. Throughout these discoverable materials are personal identifiers, including but not limited to social security numbers, birth dates, and home addresses of individuals, and other personal sensitive information.

4. Pursuant to the U.S. Attorney's Office policy, in the absence of a Protective Order, such personal identifiers must be redacted from discovery materials before they are produced to the defense, just as they must be redacted before documents are filed with the Court, *see* Fed. R. Crim. P. 49.1. However, due to the volume of material at issue, the process of redacting the documents will take so long that the provision of discovery to the defense will be significantly delayed. Moreover, the material required to be redacted, such as the personal identifying information of victims alleged in the indictment, is relevant to the government's case and thus is necessary to provide to defense counsel in an unredacted format.

5. In order to allow the government to produce the discovery materials in unredacted form, the parties request that this Court enter a Protective Order under Fed. R. Crim. P. 16(d)(1). For the convenience of the Court, a proposed Protective Order is attached hereto. This Protective Order will protect the privacy interests of any individuals whose personal identifiers are in the discovery materials, without hampering defense counsel in the defense of this matter.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: /s/
Michael A. Jaskiw
Special Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-26-356** |
| | * | |
| **SHAKEEM COBURN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

*******

**PROTECTIVE ORDER**

This matter comes before the Court on the Government's Motion for a Protective Order pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and 49.1, 18 U.S.C. § 3771, and Standing Order 2020-01 (In re: Discovery in Criminal Cases). The request is hereby **GRANTED** and it is **ORDERED** as follows:

1. Applicability.

(A) Covered Discovery Material. This Protective Order applies to all items, documents and information ("discovery material") containing personal identifying information that the government produces to any defense counsel in relation to the above-captioned case. The Order therefore applies whether the discovery material is produced in accordance with the parties' discovery agreement, Standing Order 2020-01 (In re: Discovery in Criminal Cases), the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), or applicable Constitutional requirements such as *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The Order applies equally to discovery material that might not be strictly discoverable by the above agreement and requirements, but which the government produces for the convenience of or at the request of one or more defendants.

(B) Covered Persons. This Protective Order applies to all defense counsel,

their associates, paralegals, and assistants (collectively, "defense counsel") in or related to the above-captioned case. This Protective Order further applies to any person who obtains discovery material from defense counsel, whether pursuant to paragraph 3 or otherwise.

2. Prohibitions. The following prohibitions apply except as noted in paragraph 3.

(A) No Further Dissemination of Discovery Material. Defense counsel are prohibited from disseminating any tangible discovery material, whether in written, electronic or any other form, to anyone.

(B) No Communication of Personal Identifiers. Defense counsel are prohibited from communicating to anyone any "personal identifiers" that counsel have obtained through the discovery material. The term "personal identifiers" includes names of minors, dates of birth, social security numbers, taxpayer identification numbers, home street addresses, telephone numbers, Medicare or Medicaid ID numbers, financial account numbers, passport numbers, and any other identifier that may improperly disclose private or sensitive information. This prohibition applies to all personal identifiers in the discovery materials, whether they pertain to a defendant or another real or fictitious person.

(C) No Communication of Witness Location Information. Defense counsel are prohibited from revealing, by any means, witness location information and information that could reasonably lead to the discovery of a witness's location, to anyone, including any client, other defendant, or any third person.

3. Exceptions Where Discovery Material May be Disseminated. **All recipients of discovery material are bound by this Protective Order and subject to the same prohibitions as apply to defense counsel.** Such recipients may not further disseminate any discovery material

except as set forth below.

(A) Co-Counsel and Employees. Defense counsel may provide discovery material, may communicate personal identifiers, and may reveal witness location information to their employees (associates, paralegals, and assistants) and their co-defense counsel, where (1) such provision is necessary to the representation of the defendant, and (2) such recipients are provided with this Protective Order and sign an acknowledgment agreeing to abide by its prohibitions.

(B) Investigators and Experts. Defense counsel may provide discovery material, may communicate personal identifiers, and may reveal witness location information to designated investigators and designated expert witnesses, only to the extent that (1) such provision is necessary to the representation of the defendant, and (2) such recipients are provided with this Protective Order and agree to be bound by it.

(C) Use in the Course of Defense. Defense counsel and those who are authorized to receive discovery materials by paragraphs 3(A) & (B) may further use such materials in the course of their defense, as follows:

(i) Review by Defendant. The defendant may review the discovery materials, but may not be provided with any copies thereof, nor may the defendant keep any portions of the materials. In addition, the defendant may not keep any notes containing any "personal identifiers" or witness location information.

(ii) Filing with the Court. Defense counsel may file discovery material with the Court as provided by Federal Rule of Crim. P. 49.1, *except* defense counsel may not rely upon the exemption from redaction set forth in paragraph 49.1(b)(7).

(iii) Fact Witness Interviews. Discovery materials may be shown to fact witnesses during pretrial interviews and preparation, to the extent necessary for defense of the case, but such witnesses may not be provided with any copies thereof, nor may they keep any notes or portions of the materials.

____________________
Date

______________________________
Honorable Lydia Kay Griggsby
United States District Judge